**EXHIBIT 1 –
"Complaint"**

**EXHIBIT 1 –
"Complaint"**

F I L E D
Electronically
CV18-02486
2018-12-26 11:16:13 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7039376 : csulezic

1   Vernon E. Leverty, Esq., NV Bar No. 1266
   Patrick R. Leverty, Esq., NV Bar No. 8840
2   William R. Ginn, Esq, NV Bar No. 6989
   LEVERTY & ASSOCIATES LAW CHTD.
3   832 Willow Street
   Reno, NV 89502
4   Telephone: (775) 322-6636
   *Attorneys for Plaintiffs*

5

6          **IN THE SECOND JUDICIAL DISTRICT COURT OF**

7          **THE STATE OF NEVADA IN AND FOR**

8          **THE COUNTY OF WASHOE**

9   MARINA GARDENS – BDS, LLC, a Nevada )
   Limited Liability Company; MARINA      )
10   GARDENS – RAF, a Nevada Limited Liability )   Case No.
   Company;                           )
11                                  )
                     Plaintiff,       )
12   v.                               )   Dept. No.
                                 )
13   HOUSTON SPECIALTY INSURANCE    )
   COMPANY, a Texas Corporation; ENGLE   )
14   MARTIN & ASSOCIATES, LLC, a Georgia   )
   Limited Liability Company; DOES I-XXX; and )
15   ABC CORPORATIONS A-Z; inclusive,     )
                                 )
16                Defendants.     )

17

18                     **COMPLAINT**
         **(Exempt from Arbitration - Public Policy)**

19       Plaintiffs MARINA GARDENS - BDS, LLC and MARINA GARDENS - RAF, LLC, by

20 and through their attorneys, Leverty & Associates Law Chtd., allege and aver against the above-

21 named Defendants as follows:

22              **I.**    **JURISDICTION AND VENUE**

23 1.     At all relevant times hereto, Plaintiff MARINA GARDENS - BDS, LLC is a Nevada limited

24 liability company.

25 2.     At all relevant times hereto, Plaintiff MARINA GARDENS - RAF, LLC is a Nevada limited

26 liability company.

27 3.     MARINA GARDENS - BDS, LLC and MARINA GARDENS, RAF, LLC purchased an

28 apartment complex known as Marina Gardens Apartments, 550 Howard Drive, Sparks, Nevada as

1  tenant in common and at relevant times each owned an undivided fifty percent (50%) interest.

2  Hereinafter Plaintiffs will be collectively known as "Marina Gardens" or "Plaintiff."

3  4.      Defendant HOUSTON SPECIALTY INSURANCE COMPANY (hereinafter "Houston

4  Specialty") is domiciled and an admitted carrier in Texas, authorized for excess and surplus lines in

5  49 states, including Nevada. As a surplus lines insuring authorized in the Nevada, Houston Specialty

6  is and was, at all times relevant, subject to regulation under Title 57 of the Nevada Revised Statutes.

7  5.      Defendant ENGLE MARTIN & ASSOCIATES, LLC (hereinafter "Engle Martin"), is an

8  independent adjuster for insurance companies and is licensed to perform such services in the State

9  of Nevada.

10  6.      Plaintiff does not know the true names or capacities of the defendants sued herein as DOES

11  I through XXX; therefore, Plaintiff sues said defendants by such fictitious names, and prays leave

12  that when the true names of said defendants are ascertained, they may be inserted with appropriate

13  allegations. Plaintiff is informed and believes, and upon such information and belief, allege sthat

14  each of the defendants designated herein by such fictitious names is responsible in some manner for

15  the events and happenings hereinafter referred to and that such conduct of defendants caused injury

16  and damages proximately thereby to Plaintiff. Upon learning the true names and identities of DOES

17  I through XXX, Plaintiff will seek leave of court to amend this Complaint.

18  7.      Plaintiff does not know the true names or capacities of the defendants sued herein as ABC

19  CORPORATIONS A-Z; therefore, Plaintiff sues said defendants by such fictitious names, and prays

20  leave that when the true names of said defendants are ascertained, they may be inserted with

21  appropriate allegations. Plaintiff is informed and believes, and upon such information and belief,

22  alleges that each of the defendants designated herein by such fictitious names is responsible in some

23  manner for the events and happenings hereinafter referred to and that such conduct of defendants

24  caused injury and damages proximately thereby to Plaintiff. Upon learning the true names and

25  identities of ABC CORPORATIONS A-Z, Plaintiff will seek leave of court to amend this

26  Complaint.

27  8.      At all times relevant herein, defendants, and each of them, were the agents and employees

28  of each of the remaining defendants and/or acting in concert with one another, and were at all times

2

1  acting within the course and scope of said agency and employment, and each defendant has ratified

2  and approved the acts of the other. Therefore, each defendant is liable for the acts of each remaining

3  defendant.

4  9.      The parties have caused the following events to occur in Washoe County, Nevada from

5  which these claims arise.

6  ## II.    GENERAL ALLEGATIONS

7  10.    Plaintiff hereby incorporates by this reference and realleges herein each and every

8  allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

9  11.    At all times in question, Marina Gardens located at 550 Howard Drive, Sparks, NV 89434

10  was insured by Houston Specialty under a commercial property policy, number RAFPR02014

11  (hereinafter "The Policy").

12  12.    Plaintiff purchased replacement cost coverage.

13  13.    The Policy contains a Replacement Cost Form.

14  14.    Plaintiff purchased Ordinance or Law Coverage that provides coverage for loss to undamaged

15  portion of the building, demolition costs with a separate sublimit and increased costs of construction

16  with a separate sublimit.

17  15.    The Policy covers the cost to repair, rebuild or replace and includes the increased cost

18  attributable to enforcement of any ordinance or law regulating the construction, use or repair of any

19  property the policy also has a sublimit of insurance specified for Ordinance or Law.

20  16.    The Policy also contains an increased period of restoration when the loss or damage causes

21  the enforcement of an ordinance or law in force regulating the construction or repair of buildings.

22  17.    On or about July 5, 2014, the Marina Gardens suffered a fire loss.

23  18.    Marina Gardens timely reported the claim to Houston Specialty.

24  19.    Houston Speciality assigned the loss, claim number: 076760-2000086632 (the "Claim").

25  20.    Houston Speciality sent Engle Martin to adjust the Claim.

26  21.    Engle Martin assigned the file number: 1000115689.

27  22.    Upon information and belief, when an insured files a claim Houston Specialty and/or Engle

28  Martin purposefully delays the investigation, handling, processing and adjustment of the claim.

3

23.    Upon information and belief, Houston Specialty and/or Engle Martin delays the investigation, handling, processing and adjustment of the personal property claim for the express purpose of denying the insured the right to Replacement Cost Coverage.

24.    Any delay in payment makes it impossible and/or impracticable to timely repair or replace property.

25.    Upon information and belief, Houston Specialty and/or Engle Martin have a pattern and practice of delaying payments so as to make it impossible and/or impracticable for the insured to timely repair or replace the damaged property.

26.    Following making repairs required by local ordinance or law, Marina Gardens made numerous requests for reimbursement that went unanswered.

27.    On May 17, 2018, a representative of Marina Gardens wrote to Engle Martin about finalizing the Claim.

28.    The May 17, 2018, email attached a letter and documentation regarding the building code related work.

29.    The May 17, 2018, letter and email addressed how an engineer confirmed the code work was required by the City of Sparks.

30.    The May 17, 2018, letter and email requested Houston Specialty and/or Engle Martin pay the amounts incurred in the building code related work.

31.    Over one month passed without Engle Martin or Houston Specialty responding to the May 17, 2018, letter and email.

32.    Due to Engle Martin's and Houston Specialty's failure to respond to within the time mandated by Nevada law and/or regulation, on June 27, 2018, a representative of Marina Gardens sent an email asking for the courtesy of a response to the May 17, 2018, letter.

33.    On June 28, 2018, Engle Martin sent a letter asking if Plaintiff's contractor had a list of items that were called out by the city as required by code and if there was support for them.

34.    Engle Martin promised to have a consultant review the costs and the support for the code costs "immediately."

4

35. Engle Martin also promised that it would request the holdback as Engle Martin agreed that amount had not been paid to Plaintiff.

36. On August 2, 2018, Plaintiff sent an email attaching a letter and supporting documents.

37. The August 2, 2018, email provided supporting documentation as requested, most of which had been previously provided.

38. The August 2, 2018, letter detailed the repair-related costs and provided documentation regarding the repair-related costs.

39. On August 2, 2018, Engle Martin wrote an email stating, "I have a proof of loss to send to you for the hold back that I had discussed in my prior letter." Nothing was attached to the email.

40. Over one month passed without Engle Martin sending the proof of loss as promised.

41. On September 5, 2018, Plaintiff's representative sent an email asking about the status of wrapping up the claim.

42. After being reminded of its obligation to respond, on September 5, 2018, Engle Martin wrote an email stating it would get with "our consultant and see where he is with his review." Again the email promised to send a document to Marina Gardens.

43. On September 17, 2018, Marina Gardens again had to remind Engle Martin of it promise to review the matter and send documents.

44. Marina Gardens reminded Engle Martin that it had been four years since the loss and Houston Specialty still owed money on the Claim.

45. On September 19, 2018, Engle Martin sent Marina Gardens the "proof of loss for the hold back."

46. On September 25, 2018, Marina Gardens requested Engle Martin to revise the proof of loss to be a "Partial Proof of Loss" and to list the "Repairs to Building Totals."

47. The September 25, 2018, email further provided, "We recognize that you have not yet approved payment for the full loss, but we want to make sure that this POL is consistent with the claim."

48. Houston Specialty and Engle Martin never responded.

5

49.     Upon information and belief, Houston Speciality and/or Engle Martin have a pattern and practice of refusing to pay Loss or Ordinance coverage.

50.     Insurance contracts may not violate public policy.

51.     Limitations periods in insurance policies are "tolled" or "excused" while claims are investigated, debated, negotiated and/or otherwise processed up to and including time of payment of the claim and/or denial. The legal consequence of any delay in payment is that limitations periods are either "excused" or tolled" until the condition or circumstance rendering replacement impossible is eliminated.

52.     Time limitations in the Policy are not a material part of the agreed exchange between Houston Speciality and the insured.

53.     The application of time limitations in the Policy cause disproportionate forfeiture on behalf of the insured.

54.     Time limitations in the Policy are contrary to public policy and therefore unenforceable.

55.     Any assertion of the time limitations in  the Policy violates Nevada law and public policy.

56.     Nevada insurance law forbids an insurer from misrepresenting to insured pertinent facts and policy provisions relating to coverage at issue.

57.     Houston Speciality and/or Engle Martin materially misrepresented the pertinent facts relating to the Claim and policy provisions relating to coverage.

### III.
### FIRST CAUSE OF ACTION
*(Breach of Contract)*

58.     Plaintiff hereby incorporates by this reference and realleges herein each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

59.     Plaintiff entered into an insurance contract with Houston Specialty.

60.     The insurance policy is a contract of adhesion and should be interpreted broadly, affording the greatest possible coverage to the insured.

61.     The contract must be given a construction which will fairly achieve its object of providing indemnity for the loss to which the insurance relates.

6

62.   The terms of the insurance contract are to be understood in their plain, ordinary, and popular sense.

63.   Marina Gardens performed all conditions of the insurance policy required to be performed on its part.

64.   Upon information and belief, Engle Martin is engaged in a joint venture with the insurer Houston Speciality by way of its administrative responsibilities, claims handling duties and special relationship with Houston Speciality.

65.   Houston Specialty and Engle Martin breached the contract by failing to provide benefits due and owing under the insurance policy issued to Marina Gardens.

66.   Houston Specialty and Engle Martin breached the insurance contract by, among other things, failing to adequately investigate Plaintiffs' claim; by failing to provide Plaintiffs all of the benefits that they were entitled to under the policy; by failing to provide benefits due and owing under the insurance policy issued to the Plaintiffs; by failing to promptly and fairly process and settle Plaintiffs' claim; by failing to fairly evaluate Plaintiffs' claim; by placing its interests ahead of Plaintiffs; by and through its conduct, Houston Specialty and Engle Martin waived the right to deny Plaintiff's claim and/or must be estopped from denying the claim; and by withholding benefits due and owing under the policy.

67.   As a proximate result of Defendant Houston Specialty's and Engle Martin's breach of the insurance contract, Plaintiffs have suffered damages in an amount in excess of this court's jurisdictional minimum.

## IV.
## SECOND CAUSE OF ACTION
*(Breach of the Duty of Good Faith and Fair Dealing)*

68.   Plaintiff hereby incorporates by this reference and realleges herein each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

69.   There is an implied covenant of good faith and fair dealing in the insurance contract that Defendant will not do anything to injure the rights of its insured to obtain benefits due and owing under the policy.

70.   Marina Gardens has a legal entitlement to benefits due and owing under her insurance policy.

7

Leverty & Associates Law
CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
832 WILLOW STREET
RENO, NEVADA 89502

71.     Houston Specialty and Engle Martin acted in bad faith and breached the covenant of good faith and fair dealing by its conduct including, but not limited to, the following: (a) refusing, without proper basis, to recognize its coverage obligations; (b) failing to make a timely determination of coverage; (c) failing to properly investigate Marina Gardens's claim; (d) failing to inform Marina Gardens of what was needed of it to do and to provide to Defendant so that Defendants could promptly and timely adjust the claim; (e) failing to provide Marina Gardens all of the benefits they are legally entitled too under The Policy; (f) failing to comply with NRS 686A.310(1), NAC 686A.660, NAC 686A.665, NAC 686A.670 and NAC 686A.675; (g) forcing Marina Gardens to institute this litigation to recover benefits they are legally entitled too under The Policy; (h) failing to conduct a full, fair, and prompt investigation of the claim; (i) misrepresenting facts and policy provisions; (j) failing to adopt and implement reasonable standards for the prompt investigation of claims; (k) ignoring evidence that supports coverage; (l) unreasonably interpreting the policy; (m) misrepresenting the law applicable to the policy and its claims handling; (n) failing to conduct a fair and objective evaluation of the claim; (o) placing their interests ahead of Marina Gardens; (p) failing to provide a reasonable explanation of the basis for denying and/or offering to settle or compromise their claim; (q) by creating false or fictitious issues to avoid paying benefits due and owing; (r) by using the claims department as a profit center; and (t) by other wrongful conduct.

72.     As a proximate result of Defendants' breach of its duty of good faith and fair dealing, Marina Gardens has suffered damages in an amount to be determined at trial.

73.     By engaging in its bad faith conduct, Defendants acted fraudulently, oppressively, and in malicious disregard of the rights of Marina Gardens. Marina Gardens, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## V.
## THIRD CAUSE OF ACTION
*(Breach of Nevada's Unfair Trade Practices)*

74.     Plaintiff hereby incorporates by this reference and realleges herein each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

75.     Houston Specialty is, and at all times mentioned herein was, an entity regulated by Title 57 of the Nevada Revised Statutes.

8

76.     Engle Martin is an "adjuster" as defined by NRS 684A .020.

77.     Pursuant to NRS 684A.035, adjusters are liable for violations of NRS 686A.310. Therefore, as an adjuster, Engle Martin is liable for violations of NRS 686A.310.

78.     There was in force at all times relevant hereto a Nevada statute regarding the minimum standards of how to settle claims.

79.     Marina Gardens incorporates the specific provisions of NRS 686A.310(1), NAC 686A.660, NAC 686A.665, NAC 686A.670 and NAC 686A.675. Under NRS 686A.310(2), Erisckosn is specifically authorized to enforce the provisions of NRS 686A.310(1).

80.     Houston Specialty and Engle Martin have violated these provisions by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; by failing to effectuate a prompt, fair and equitable settlement of Marina Gardens's claim; by compelling Marina Gardens to institute litigation to recover amounts due under the insurance policy; by compelling Marina Gardens to institute litigation to enforce the terms of the insurance policy; by failing to provide a reasonable explanation of the basis for denying and/or offering to settle or compromise Marina Gardens's claim; by failing to provide promptly to Marina Gardens a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial and/or recision of this claim and/or policy or for an offer to settle or compromise this claim; by failing to retain, train and supervise competent adjusters to conduct prompt, thorough and impartial investigations to promptly determine the true facts of this claim; by carrying out unfair and deceptive trade practices in the business of insurance; and by other wrongful conduct.

81.     As a proximate and foreseeable result of the violations of NRS 686A.310, Marina Gardens has suffered damages in an amount in excess of this court's jurisdictional minimum.

82.     In violating NRS 686A.310, Houston Specialty and/or Engle Martin acted fraudulently, oppressively, and in malicious disregard for the rights of Marina Gardens in breaching the provisions of said statutes and regulations. Marina Gardens, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

////

////

9

## VI.
## FOURTH CAUSE OF ACTION
*Negligence v. Engle Martin*

83.  Plaintiff hereby incorporates by this reference and realleges each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

84.  Engle Martin owed a duty to Plaintiff to act with reasonable care, skill and diligence as an independent adjuster.

85.  Engle Martin breached the above standard of care when it negligently handled, processed and/or investigated the Claim.

86.  As a direct and proximate result of the above-referenced circumstances, Engle Martin negligently failed to handle, process and/or investigate the Claim.

87.  As a direct and proximate result of Engle Martin's negligence, Plaintiff has suffered damages in an amount in excess of this court's jurisdictional minimum.

## VII.
## FIFTH CAUSE OF ACTION
*Gross Negligence v. Engle Martin*

88.  Plaintiff hereby incorporatse by this reference and realleges each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

89.  Engle Martin owed a duty to Plaintiff to act with reasonable care, skill and diligence as an independent adjuster.

90.  Engle Martin breached the above standard of care when it negligently, carelessly and recklessly handled, processed and/or investigated the Claim.

91.  Engle Martin failed to exercise even a slight amount of care in its handling, processing and investigating the Claim.

92.  Engle Martin's claim handling, processing and investigation of the Claim demonstrates that it gave little, if any, thought to the consequences of its behavior.

93.  By reason of Defendant Engle Martin's negligence, Plaintiff incurred special damages in the form of unpaid covered losses, attorneys' fees and costs, and general damages in the form of financial loss and inconvenience in an amount in excess of the jurisdiction of this Court.

CHARTERED
ATTORNEYS AND COUNSELORS AT LAW
832 WILLOW STREET
RENO, NEVADA 89502

94.     As a direct and proximate result of the gross negligence, carelessness, and willful and wanton conduct of Engle Martin, Plaintiff has suffered damages in an amount in excess of this court's jurisdictional minimum, including punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## VIII.
## SIXTH CAUSE OF ACTION
*Aiding and Abetting Houston Specialty's Tortious Breach of the Duty of Good Faith & Fair Dealing  v. Engle Martin*

95.     Plaintiff hereby incorporates by this reference and realleges each and every allegation contained in all paragraphs on this complaint inclusive, as if fully set forth herein.

96.     A person or entity who aids and abets a tortfeasor is himself or itself liable for the resulting harm to a third person.

97.     An insurer's breach of an implied covenant of good faith and fair dealing is a tort.

98.     As detailed herein, Houston Specialty tortiously breached the implied covenant of good faith and fair dealing.

99.     Engle Martin was aware of its role in promoting the tortious breach of the implied covenant of good faith and fair dealing at the time it provided its claims services. An independent adjuster, such as Engle Martin, tasked with handling, processing and investigating claims for an insurance company knows, or at a minimum has a general awareness, that if it assists or encourages the insurer to deny a request for a defense and/or a request for indemnification without a reasonable basis that the insurer will have committed bad faith.

100.    Engle Martin knowingly and substantially assisted and/or encouraged Houston Speciality with the intent of promoting the tortious breach of the implied covenant of good faith and fair dealing.

101.    Engle Martin failed to conduct a reasonable investigation into the Claim.

102.    Engle Martin substantially assisted or encouraged Houston Speciality's decisions on the Claim without a reasonable basis.

103.    As a direct and proximate result of Engle Martin's conduct, Plaintiff has suffered damages in an amount in excess of this court's jurisdictional minimum.

11

104.    In engaging in its conduct, Engle Martin acted fraudulently, oppressively, and in malicious disregard of the rights of Plaintiff.  Plaintiff, therefore, seek punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    For damages in excess of this court's jurisdictional minimum and in such amounts as may be proved at trial;

2.    For costs of suit, interest and reasonable attorney fees;

3.    For special and consequential damages in an amount to be proved at trial;

4.    For prejudgment and post judgment interest on all sums awarded, according to proof at the maximum legal rate if allowed by law;

5.    For punitive damages in such amounts as may be proved at trial and if allowed by law; and,

6.    For such and further relief as the Court deems just and appropriate.

## AFFIRMATION

(NRS 239B.030)

The undersigned does hereby affirm the preceding document filed in the Second Judicial District Court does not contain any private personal information of any person.

Dated this 26ᵗʰ day of December, 2018.

LEVERTY & ASSOCIATES LAW CHTD.

*Patrick Leverty*

Patrick R. Leverty, Esq.
832 Willow Street
Reno, NV 89502
Tel.: (775) 322-6636
*Attorneys for Plaintiffs*

12