UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARINA GARDENS – BDS, LLC, a Nevada Limited Liability Company; MARINA GARDENS – RAF, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSTON SPECIALTY INSURANCE COMPANY, a Texas Corporation; ENGLE MARTIN & ASSOCIATES, LLC, a Georgia Limited Liability Company; DOES I – XXX; and ABC CORPORATIONS A-Z, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00048-LRH-WGC<br><br>ORDER |

Plaintiffs Marina Gardens – BDS, LLC and Marina Gardens -- RAF initiated this action in the Second Judicial District Court for Washoe County, Nevada on December 26, 2018. On January 31, 2019, on the basis of diversity jurisdiction, Defendants Houston Specialty Insurance Company and Engle Martin & Associates, LLC, filed a notice of removal to this court (ECF No. 1[1]).

After review of the complaint and Defendants' petition for removal, the court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case.

---

[1] Refers to the court's docketing number.

While it appears that the parties are of diverse citizenship[2], Defendants have not demonstrated that the amount in controversy exceeds $75,000.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. Normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id.*

However, if the plaintiff does not claim a sum greater than the jurisdictional requirement, the defendant cannot meet its burden by merely alleging that the amount in controversy is met: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . ." *Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis omitted).

---

[2] Plaintiffs are both Nevada limited liability companies. Defendant Houston Specialty Insurance Company is a Texas corporation. Defendant Engle Martin & Associates, LLC is a Georgia limited liability company.

In some cases, it may be "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). However, "[w]hen the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

Here, in arguing that the amount in controversy requirement has been satisfied, Defendants rely solely on an averment by counsel that a demand letter referred to in Plaintiff's complaint contained a demand in excess of the jurisdictional amount. The letter has not been produced or verified, nor is it attached to the complaint. It may be that the amount due and owing under the terms and conditions of the subject insurance policy exceeds the threshold amount for jurisdiction in this court, however there has been no showing of such an amount, except by mere averment, by removing defendants. Accordingly, there is insufficient evidence upon which to establish removal jurisdiction at this time.

The court will provide Defendants additional time to present "summary-judgment-type evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.

IT IS THEREFORE ORDERED that Defendants are granted twenty (20) days from the entry of this order to establish the minimum amount in controversy for federal jurisdiction. Plaintiff is granted ten (10) days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 13th day of February, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE