Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
Attorneys for Defendants
HOUSTON SPECIALTY INSURANCE COMPANY
AND ENGLE MARTIN & ASSOCIATES, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARINA GARDENS – BDS, LLC., a Nevada Limited Liability Company; MARINA GARDENS – RAF, a Nevada Limited Liability Company,<br><br>               Plaintiffs,<br><br>vs.<br><br>HOUSTON SPECIALTY INSURANCE COMPANY, a Texas Corporation; ENGLE MARTIN & ASSOCIATES, LLC, a Georgia Limited Liability Company; DOES I-XXX; and ABC CORPORATIONS A-Z; inclusive,<br><br>               Defendants. | CASE NO. 3:19-CV-00048-LRH-WGC |

**STIPULATED PROTECTIVE ORDER**

COMES NOW Defendant, Houston Specialty Insurance Company ("Defendant"), by and through its attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and hereby responds to Plaintiffs' Request for Production of Documents as follows:

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby stipulate and agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page 'Confidential' or as otherwise as set forth herein) any document, material, item or thing

(regardless of medium or manner generated, stored or maintained), produced pursuant to FRCP 26(a), response to written discovery, or testimony adduced at deposition which has not been made public and that the designating party considers in good faith to contain information or financial information and subject to protection under the Federal Rules of Civil Procedure ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as confidential by so indicating in the response or on the record at the deposition. Additionally, a party or non-party may designate in writing, within twenty (20) days after production of written discovery responses or receipt of the deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses to be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of the Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed

to any person other than:

  (a)  Individual plaintiffs and defendants, class representatives, and any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

  (b)  Counsel for the respective parties to this litigation, including in-house counsel, of counsel and co-counsel retained for this litigation;

  (c)  Employees of such counsel;

  (d)  Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by the opposing party, or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

  (e)  Any authors or recipients of the Confidential Information;

  (f)  The Court, Court personnel, and court reporters; and,

  (g)  Witnesses (other than parties).

  A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has

been given notice that Confidential Information shall be designated "confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7. A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material Confidential Information. The party or non-party who designated the material as Confidential Information shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as Confidential Information. The party or nonparty seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information as referenced in par. 8, all documents designated as Confidential Information shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

  (a)  The party or non-party claiming that the material is Confidential Information withdraws such designation in writing; or,

  (b)  The party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above in paragraph 8 after receipt of a written challenge to such designation; or,

  (c)  The Court rules the material is not confidential.

  10.  All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

  11.  Any Party filing confidential information or motions to seal shall comply with LR 1 10-5.

  12.  The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

  13.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

  14.  Any witness or other person, firm or entity from which discovery is sought may be

informed of and may obtain the protection of this Order by written advice to the parties' respective counselor or by oral advice at the time of any deposition or similar proceeding.

15. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 1 and 2 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified person" listed in subparagraphs 4(b) through (g) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. <u>If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.</u>

DATED this 30thday of August, 2019.

                                                                            LEVERTY & ASSOCIATES LAW CHTD.

                                                                            By: */s/ Patrick R. Leverty*
                                                                              Patrick R. Leverty, Esq.
                                                                              Bar No. 8840
                                                                              William R. Ginn, Esq.
                                                                              Bar No. 6989
                                                                              832 Willow Street
                                                                              Reno, NV 89502
                                                                              (775) 322-6636
                                                                              pat@levertylaw.com
                                                                              bill @ levertylaw.com

                                                                            *ATTORNEYS FOR PLAINTIFFS MARINA GARDENS-*
                                                                            *BDS, LLC, AND MARINA GARDENS – RAF*

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: */s/ Stephen R. Wedemeyer*
    Stephen R. Wedemeyer
    Matthew A. Foytlin
    *Admitted Pro Hac Vice*
    717 Texas Ave., 27th Floor
    Houston, Texas 77002
    (832) 415-1801
    swedemeyer@shackelford.law
    mfoytlin@shackelford.law

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER
    Katherine F. Parks, Esq.
    State Bar No. 6227
    6590 S. McCarran Blvd., Suite B
    Reno, Nevada 89509
    (775) 786-2882
    kfp@thorndal.com

    *ATTORNEYS FOR DEFENDANTS*
    *HOUSTON SPECIALTY INSURANCE COMPANY*
    *AND ENGLE MARTIN & ASSOCIATES, LLC*

# ORDER

Paragraph 11 is modified as follows: Any motion regarding filing confidential information and motions to seal shall also comply with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**IT IS SO ORDERED.**

DATED: September 3, 2019.

_____
UNITED STATES MAGISTRATE JUDGE